And for the record, I believe counsel representing Mr. Novis, his attorney Cass, was granted permission to appear by Zoom. Good afternoon, Attorney Cass, I'm notified that you are splitting the argument, I guess, with Attorney Brissenden, and Attorney Brissenden has reserved one minute for rebuttal. Are you doing the entire argument, or how are you splitting your time? No, Your Honor, I'm going to start with five minutes, and then I'll turn it over to my colleague, and then I've reserved one minute for rebuttal, if that pleases the court. All right, so, and you each have six minutes, so he'll take six minutes, and you're taking your first five. Very well. Thank you, thank you. Matthew Brissenden for Mr. Dankberg. From my perspective, the central legal question posed by this appeal is precisely the question asked by the jury when it was deliberating. And that is, can a person be purposefully misleading and yet not have the intent to break the law as advice of counsel said they were operating within the law? The lower court effectively answered this question in the negative, and I respectfully submit that it erred in doing so. The advice of counsel defense hinges on whether or not a defendant honestly believes that his conduct is legal. And it is both, while it may seem unusual, it's both legally and factually possible to have a scenario where a defendant understands that to some extent his conduct is misleading or deceptive, and yet he honestly believes he is operating within the law. And that's the- Can you act in good, can you, if there's evidence that your intent in engaging in the activity is to defraud, your intent is to defraud, can you intend to defraud and at the same time be acting in good faith based on advice of counsel? They don't seem to be compatible. And I think, and I tried to tease this out in my reply brief. But I think part of the confusion arises because the phrase good faith has different applications, different meanings and different applications. And when we talk about good faith in the regular context of a scheme to defraud, it means good faith vis-a-vis the victim, right? The fact that you have a good faith belief in the honesty of the representations you're making. But I think it has a slightly different meaning, actually a very different meaning when we talk about good faith reliance on counsel. Because I understand that the meaning of the phrase there means that you honestly presented to your counsel the facts. So it would be, I have a good faith belief that my attorney will help me in committing fraud? Because that's what it sounds like you're arguing. And I think, well, I think what's really important here is to separate sort of the factual question from the legal question, if that makes sense. But you can't, right? Because that's up to the jury to decide, to listen to what the evidence is about what was, what your client claims to have told counsel, what counsel told your client. And the jury is to assess that alongside with what conduct your client, what evidence it believes it received relating to your client's conduct, and then determine. So why isn't that a question for the jury? Why should we second guess? Well, so, and I agree precisely with what your honor said. I fully believe it is a question for the jury. And the exception that I'm taking is that I believe the court's supplemental charge essentially removed the question from the jury. But is that so when the supplemental charge is looked together with the original charge, to which the judge alluded twice in his giving the supplemental instruction. I mean, our precedent says that you get to look at the full instruction given by the court. And here we have a jury that was expressly told that. There, I think it's harder to see any kind of error. I agree with your honor. You always take a look at the entire picture. But this court has also said that a supplemental instruction can carry special heft and special weight. And I think that was particularly true in this case. Because the jury came to the court with this very perceptive, frankly, it's an interesting legal question that they presented. And the question was, legally, can you rely in good faith on the advice of counsel, if you know that your conduct is deceiving some of your customers? No, no, no, the question was, how does intent, how they, the question went to intent, and how they measure a person with average intelligence or a prudent, I forget the exact term. But that's really, the question went to this issue of intent and how you treat that vis-a-vis a person of average intelligence or less than average intelligence. And so it seems like the court's supplemental instruction was really directed at answering their question. So there were multiple parts to these questions, and they were a little packed in together. But the part of the question that I'm focusing on particularly, in the specific language, can a person be purposefully misleading, but not have the intent to break the law, as advice of counsel said they were operating within the law? And with respect to that question, the judge instructed the jury that a person who acts with an intent to defraud. And here, an intent to defraud was defined as knowingly deceptive conduct with, it's an intent to deceive for the purpose of causing a financial loss to another. So if you have that intent to deceive, the judge told the jury, you cannot rely on the advice of counsel in good faith. And I'd respectfully submit that's- The understanding is you can't rely on the advice of counsel when you know the contrary and you intend the contrary. What I would submit, Your Honor, the question is, do you believe your conduct is illegal, right? And that's what I'm trying to tease out here. Let me stick with the jury question. Right. And then consider it in light of what the judge told them then immediately. And then consider it in terms of what the judge told them in total. And I'm having trouble understanding what you think was erroneous about the instruction. The question was, right, can you be purposefully misleading and yet still believe you're operating within the law? What does purposely mean? You're with intent deceiving someone. Yes. All right. Yes. I can see that. And you think that if the lawyers tell you it's okay to do it, but you nevertheless purposely deceive that it's okay. What the lawyers advise to, I mean the lawyers don't provide advice, is this, are you deceiving someone? Right, the lawyers provide advice, is this promotion that you're sending out, is this lawful under applicable standards, right? So the scenario we had here is we had a situation where two defendants were advised over the course of 13 years that each and every- But what the jury asks is, if you're nevertheless seeking purposely to deceive by putting out this information, what does it matter what the lawyers told you? It matters if you nevertheless, if you believe and understand- The relevancy of the lawyer's advice is that it defeats the government's ability to prove an intent to defraud. The jury's question presumes the intent to defraud, says you're purposely looking to deceive. In that case, does the lawyer's advice mitigate or excuse it? To the extent the judge says no, I'm not sure I understand what the error is. I believe, Your Honor, that it's possible for both of these things to be true, and it may seem unusual to the court. But I think legally, it is possible to know that one is engaged in conduct that is at least somewhat deceptive. And also- No, no, not that one knows, that one intends for it to be deceptive. I accept that distinction, Your Honor, and if you continue doing the same thing, right? In this case, these defendants are sending out these promotions. They're repeatedly told they're lawful, but as the government will point out, they are put on notice that at least some portion of their customer base is being confused, misled, deceived by these promotions. Now this fact isn't hidden from- This really goes to your sufficiency point more than your jury instruction point. But there's evidence here that the lawyers weren't given all the information. And the jury, we have to assume on sufficiency that the jury agreed with that, that they weren't given all the information. And therefore, there are problems with the lawyer's advice. And I'm sure the government will make those arguments that the jury could have reached a different inference based on the evidence that was here. I mean, I want to be clear. Well, for sufficiency, that's what we have to assume. I understand, absolutely, it's in the light most favorable to the government. Having said that, there was a compelling, there was a robust advice of counsel defense here. The attorney took the stand, they introduced the entire universe of correspondence showing that- And so there was also an abundant amount of evidence that your clients were on notice that their conduct was illegal. They had entered into cease and desist agreements with the United States Postal Inspection Service. And that despite that entering into those agreements, their conduct didn't change. And even the notices they received from their lawyers said, hey, we're not making it. They weren't criminal defense lawyers, and we're not making any representations that the government won't view this as illegal. So the jury could assess all of that evidence and find that your clients, in fact, didn't rely on advice of counsel and intended to defraud. And as Judge Geragi points out, that goes to the sufficiency of the evidence, Your Honor. But the argument, and the primary argument that I'm trying to advance here, is that the defendants were essentially deprived of their advice of counsel. All of these things should have been factual questions, right? The jury could have concluded, based on this evidence, and I'm sure the government would make this argument, that the defendants did not harbor a good faith belief in the legality of their conduct, right? That they could not- How were they deprived? They presented their defense. Is it just the supplemental instruction? It's the supplemental instruction that I'm focused on here, Your Honor. It's the- So then if we disagree with you on the supplemental instruction, you then concede there's sufficient evidence to find that they engaged in a scheme to defraud? No, Your Honor. We've advanced a sufficiency argument here. But my point is, and the central argument that I'm advancing here, is that this supplemental instruction, when the jury was told that the defendants could not rely on the advice of counsel, if they acted with an intent to deceive their customers, I believe that instruction was legally erroneous. And essentially took this factual analysis out of the jury's hands. It essentially told the jury, you don't even need to consider advice of counsel, which we can argue about whether or not there was sufficient evidence, but it was a real, and a viable, and a robust defense. And this supplemental instruction essentially told the jury, you don't even need to consider this. If these defendants knew that there were customers out there who were being deceived, it doesn't matter if they believed that their conduct was legal. The instruction is, a person who acts with an intent to defraud cannot rely on advice of counsel in good faith. So they would have to find that the government proved an intent to defraud. Right. Only then are they told that the defendant cannot rely on advice of counsel in good faith. And to be clear, I'm connecting with- To that extent, to the extent you have an argument, let's stick with the actual language. I absolutely intend to do that, Your Honor. But my point was, I'm taking that phrase, intent to defraud, which was defined a line or a paragraph earlier by the judge in the same supplemental charge. And there she described it as an intent to defraud is an intent to deceive for purposes of causing a financial or property loss, right? So if the jury were to find that the defendants were sending out these promotions, knowing that some portion of their clientele is being deceived and taking that money, even knowing that there are people, the government- And intending it, not just knowing it, intending it. I think if you continue your course of business once being put on knowledge, the argument is you intend the consequences, right, Your Honor? But my point is, if despite all of that, these defendants actually believed what they were being told by their attorneys, and let's be clear, they were told this repeatedly by well-qualified attorneys, if they honestly believed what they were being told about the legality- Well, then how could they have an intent to defraud if they honestly believed that there was nothing wrong with what they were doing? I don't understand how you can argue that they could hold both thoughts in their heads. And this is the disconnect that I think I'm trying to focus on. I believe that advice of counsel focuses on your belief on the legality of your conduct. Versus whether or not it's deceptive or not deceptive. There's all sorts of practices- But if Judge Kahn said nobody ever told him this wouldn't have possible criminal consequences, all they told him was that it didn't violate false advertising laws. And I think we can parse the advice they were given, right? I mean, I think Lustig-Mingle was pretty clear when he took the stand and said that he believed then they were lawful, and he continues to believe they were lawful under the applicable standards. But your honor, my point is that there was a viable and a robust advice of counsel argument. And I respectfully submit that this supplemental instruction essentially took that legal question out of the jury's hands. And all these things that we're arguing about are essential factual questions to counter that argument. Well, what troubles me is that the jury was told if these defendants are intentionally and purposefully misleading their customers, they cannot simultaneously believe that their conduct is legal. And I just don't think that's legally correct. Thank you, counsel. You're about nine minutes over time, but you've saved your minute for rebuttal. Thank you for your indulgence. Attorney Kass, can you hear us, sir? Yes, your honor. All right, we can hear you clearly. You have six minutes. Thank you, your honor. May it please the court, Luke Kass on behalf of Sean Novus, and thank you for allowing me to appear remotely. I don't want to recloud the ground that Mr. Brissenden has been on, but we also take issue with the supplemental charge specifically, and one line in particular, your honor. A person who acts with an intent to defraud cannot rely on advice of counsel in good faith. The initial instructions, and this is on page 1881 of the transcripts, said that defendants do not have to prove their good faith reliance on counsel. And the note, and I think it's fair to say that the jury was grappling with advice of counsel. They asked for the transcripts of the attorneys, then they came back with this question among others, and the judge provided her response- Well, were they wrestling with the advice of counsel, or were they wrestling with this idea of a person of average prudence? And how that- I think that was more- How that intersects with intent and advice of counsel, because that seems to be what they were focused on. I'm referring specifically, your honor, to the question that Mr. Brissenden had mentioned. Can a person be purposely misleading but not have the intent to break the law? As advice of counsel said, they were within the law. I think the answer to that question is yes, and you can refer them back to the prior instructions. I think interjecting good faith and talking about the defendant's acts at the heightened point of a supplemental instruction, and they convicted 98 minutes after this on all 19 counts, is somewhat misleading. They did not, the judge did not include the unambiguous final reminder that's talked about in Scully. The government bears the burden of proof on all elements. And at best it's confusing and it's somewhat contradictory, where it is good faith for some reason in the 11th hour. They were instructed as they typically, well not always typically, but in this case, twice instructed to refer back to the court's general instructions. You're not taking issue with the court's general instructions, right? Because you didn't object to those. No, your honor. Okay. So if the court's general instructions were accurate, and the court in its supplemental instructions specifically refers counsel back, the jury back to its instructions, where's the problem? I think the problem rests, Judge Condon, with the word cannot. Is that cannot, that part of the instruction, a person who acts with an intended fraud cannot rely on advice of good counsel. Cannot signifies a present or past inability. It has no distinct future tense. And you'll see this, and to respond to your question, Mr. Brisson, that earlier, the notices did change with the advice of counsel that were given. And we point that out in our briefing. There's a whole host of disclaimers. They omitted a bunch of language. Employees testified that- That was all presented to the jury and they chose not to accept it. True, your honor. But I think it could have had the intended effect of focusing on, you can go to an attorney, your honor, and be not sure what you're doing is illegal. And they tell you to conform your practices accordingly and you change it. I think the way the judge says it is, if you ever have an attempt at a fraud, it doesn't matter whether you relied on counsel. No, he does not charge it if you ever had an intent to defraud. He talks about it in the present tense. If you're acting with an intent to defraud, you cannot rely on advice of counsel in good faith. I mean, you cannot be acting in good faith on the actions of counsel if your intent is to defraud. What am I missing in that? I don't understand how a person can rely in on advice of counsel in good faith if his intent is to defraud. And that seems to be what the judge is telling the jury. I think the problem is with the, Judge Reggie, is with the word cannot. You cannot be sure whether what you're doing is illegal. Go to an attorney. They tell you, I would do it this way, and you conform your practices accordingly. And that fraudulent intent is extinguished. And the material misrepresentation has to be simultaneous with the contemporaneous intent to defraud. This is a alleged conspiracy that took place for 13 years. They had a number of attorneys throughout those years. They had changed the notices accordingly. I know there was some suggestion by the government that this was just a paper defense. But that suggests that what you're arguing is that they didn't have an intent to defraud. Because they were relying on advice of counsel. But what the court is telling the jury is if they find, and the government had the burden on this, that the defendants were acting with an intent of defraud, then they cannot claim to have been relying on advice of counsel in good faith. I mean, what am I missing? No, this is what we were, but your honor, this is where we were talking about in our brief about the burden of production. Or if good faith was an issue, it should never have been allowed to go to the jury in the first place. I'm not sure I follow. Help me out. If this was a, for the sake of argument, if this was to be considered a sham defense, that we didn't meet our burden of production showing that we followed the advice of counsel in good faith, judges do this all the time, you don't let that defense go to the jury, but if you're going to, I think, let it go to the jury, raising good faith at that last moment is, I think, particularly problematic and somewhat contradictory to the earlier instruction where he says that the defendants do not need to prove their reliance, prove their good faith reliance on counsel. I think it's very confusing for the jury at the last minute to throw in three separate occasions, good faith and acts at that temperature. And there's also no time frame or way to cabinet, your honor. We're not sure. Is this for when they first went to the attorney for the entire course of the conspiracy? What time frame are we talking about with respect to this? Well, if they went to the general instructions at joint appendix 839, a defendant relies in good faith on the advice of counsel if before taking action. So the court gives it a time frame before you act. Right? I don't have it in front of me, your honor, but that's correct. The other issue we just wanted to, I know I was having about 50 seconds, is on the sufficiency. The fraudulent inducement theory is currently before the Supreme Court in Coussis. There were a number of individuals that testified in this matter that they understood that they were purchasing a report fee for $29.95. There is, believe it or not, a market for these sweepstakes booklets. And we would submit that there is an issue about whether a scheme to induce a transaction in property through deception, which contemplates no harm to any property interest, is in fact- But there were a number of people who testified that they didn't understand it. And the person who created these testified, very detrimentally to your client from what the cold transcript looked like, that he designed it to conceal what was actually being offered and to insinuate that more was being offered. So, again, on sufficiency, it's hard for me to conclude that the evidence wasn't sufficient to support the verdict as a matter of law. What more do you want me to consider? I think whether the representations that were made, and let's concede for the sake of the argument that they were deceptives in certain aspects of the accounting department and the other things, the stamps, making them look official, there has to be a contemporaneous intent to defraud. And I think the client's position is, and our position is, that there are people who are interested in entering these sweepstakes. These were not illegitimate sweepstakes that were in the booklet. They were $29.95, and you got a booklet where you could enter monthly. And the prizes matched what were in the notification. Thank you. Counsel, you're about three minutes over time. Oh, thank you, Your Honor. Submit. Thank you. I might be at the... There we go. Good afternoon, Your Honors. I may have pleased the court. Amanda Mundell on behalf of the United States. I'm joined at council table by trial counsel Charles Dunn and Carolyn Rice. I have a lot of ground to cover to respond to some of the claims that have been made today. So I'll try to be brief and helpful. I'd like to start off with the jury instruction question, which counsel has identified as one of the central issues on appeal. At the bottom, Your Honors, that instruction was perfectly correct. First of all, the court accurately answered the jury's question, which was not a simple yes or no, but required some pointing back to the previous instructions and also some fleshing out of what they were misunderstanding, perhaps, about how those instructions worked. And I think as the colloquy between Your Honors and counsel demonstrates, it's impossible to explain how someone could, on the one hand, walk into their lawyer's office intending to defraud somebody and then somehow walk out with the attorney's blessing and expect the jury to be required to find that they actually didn't possess any criminal intent when they were proceeding with this scheme. At the end of the day, their intent to defraud was clear based on the evidence presented at trial, and it's totally incompatible with this assertion that they relied in good faith on the advice of counsel. There's especially no error in the context of the court's other instructions, both those that were given before the supplemental instruction and the rest of the content of the supplemental instruction. And at the end of the day, the court also reiterated what was very helpful to the defendant's defense, which was that if you did rely in good faith on the advice of counsel, then, of course, the jury can't find that you had an intent to defraud. Those two assertions are just the flip side of the coin. If you go into the office with an intent to defraud, you don't have good faith and you can't rely on counsel. And if you do, in good faith, rely on counsel, then you don't have an intent to defraud. There was some discussion of how robust, from a sufficiency perspective, this advice of counsel defense actually was. First of all, I think counsel suggested that there was a whole universe of information presented to the jury with respect to the communications between counsel. We don't know that. There were a lot of emails back and forth, but, of course, we have no idea what the other oral communications might have been between these attorneys and the defendants. But in any event, let's take a look at some of those emails that counsel has referenced, and I think the court will find that they're actually not very helpful to the defendant's defense actually. When you take a look at, for example, JA 648, we had advice from counsel identifying portions of these draft reports that are misleading. Quote, payment is a word that should never be used because no matter how you modify it, the regulatory agencies will interpret it as a statement that the recipient of the mailing has won. On the next page, by putting the recipient's name directly above the amount, it could be implied that it reinforces the agency's statement that the recipient is a winner. Despite that advice, we know time and again all of these mailings identified these individuals as selected recipients receiving a payment of sorts. There's at JA 576, an advice from their attorney. This language is confusing. There's JA 453. Quote, virtually every state has a law that prohibits language that infers that the consumer to whom the mail is sent has been specially selected unless specific criteria for the selection process is also stated. And again, mailer after mailer after mailer identifies all these individuals as specially selected. And those are just a handful of examples that carry through the decade-long fraud these defendants perpetrated. And the jury evidently rejected all of that evidence, not least of all because the advice about those mailings that they were getting was simply not reasonable. You know, these were... I'm sorry, Your Honor. These were the same attorneys who advised these defendants before they were put on notice in those cease and desist agreements by the Postal Service that what they were doing was unlawful. The jury could reasonably reject this reliance of counsel advice, certainly by the same attorneys who were advising them on the same scheme. Forgive me for going off script, as it were, by asking a question, an administrative question. One of the things I find curious about this prosecution is that it began in the Civil Division. Of course, your brief is signed by persons in the Civil Division as well as the Criminal Division. There is, I think, probably an interesting story as to the beginning and prosecution of this matter, would you just take a few minutes to give us a summary of how it came to be to land in the hands of the appellate section of the Criminal Division in Maine Justice? Certainly, Your Honor. And I'm sorry, I think the story is actually perhaps a little less interesting than the court might want to know. The Consumer Protection Branch, which is responsible for prosecuting this case, is nested within the Civil Division, but they also have the authority and the power to prosecute criminally. And so we have these interesting areas of overlap where occasionally you have the Criminal Division at Maine defending an appeal, but the civil component is also responsible for prosecuting it. But seeking injunctive relief at first, right? That's true, Your Honor. So, yes, so before we got to- It's a little unusual to seek injunctive relief, well, for what appear to be crimes. I think in this context, it's perhaps a little less unusual because there's, of course, the civil fraud statutes and the criminal fraud statutes. And so this case did originate, at least all this activity ended after there was a civil anti-fraud litigation and then these defendants were prosecuted. I want to take just another moment and emphasize that I think now, as I understand the arguments for Mr. Novus, his issue with the court supplemental instruction is a temporal argument that I think if I understand it, it's that the court implied that a defendant could never for all time have acted in good faith if they at any point had some intent to defraud and then became aware of facts that perhaps negated that fraud. The court's instruction was not some sort of temporal overstatement. I think as I've explained, the court accurately indicated what an attempt to defraud required, what advice of counsel required and how they relate. Unless the court has any other questions, I think the only other thing I'll say is there's been a suggestion to hold this case for cuscisis. We don't think that's necessary. That case really won't have any impact on this one because of course that's a case about whether the parties got the benefit for the bargain. The bargain here is not what defendants are suggesting it was. They were not offering for sale these booklets. At least even to give them enough credit, none of those mailings indicated that they were offering booklets for sale. So cuscisis, which is about whether or not the construction of a bridge complied with all the terms that were important to some of the parties, isn't applicable at all in this circumstance. I see no questions. Thank you, counsel. Thank you, Your Honors. Attorney Brissett, you have one minute. At the risk of maybe beating a dead horse, I'm going to take one more run at trying to articulate my position. The government, I think, is suggesting that intent to defraud and good faith reliance on counsel are just two sides of the same coin, right? And that one is the opposite of the other. And what I'm trying to suggest is that they are conceptually distinct concepts and defenses. That good faith reliance on counsel focuses on a defendant's belief in the lawfulness, the legality of his conduct, whereas intent to defraud focuses on the intent to deceive. And while I'm saying that the court may be incredulous, that it is possible to have both of these states of minds at once, that there is not legally or factually an impossibility of acting with an intent to deceive while also harboring an honest belief that you're acting within the law. Isn't what the law prescribes intentionally deceiving people? But here's the thing about advice of counsel, Your Honor. You can be mistaken about what the law provides or doesn't provide, right? Advice of counsel can be based on bad legal advice.  But the problem is that then how can you intend to deceive if you're relying in good faith on counsel telling you it's okay to do this? The advice here is you haven't, right? The advice here is we have these legal disclaimers that are included here and you have not crossed the line into illegality, right? We crossed the line in illegality in deceit, but now you intend to deceive. But they're being told that regardless of what their intent is, lawyers are seeing these same promotions, they're seeing the same customer complaints. I don't think I saw any lawyer who said regardless of what your intent is, it's okay to do this. Did I miss something? No, you're correct, Your Honor. No lawyer offered that advice. But they're looking at the same customer complaints, right? They're aware that there are customers here who are saying, you know, my father who's elderly was deceived and confused by this. The lawyers know this is happening. And their advice is, well, okay, let's tweak this language here. Let's beef up the disclaimer. They make small changes and then they tell these defendants, you're good to go. This is legal. It's okay. You're not violating the law. Now, I understand factually, the government may say, the court will say, nobody would have believed that. But my point is they had the right to present this defense and the supplemental instruction closed the door on that defense. And I would submit that to the extent the instruction foreclosed a viable defense for the defendants. It's a constitutional error. It's the government's burden to prove beyond a reasonable doubt that this error didn't prejudice the defendants. And I'd submit they didn't. Am I right to assume that neither of you, neither Mr. Brissenden nor Mr. Cass were the lawyers who gave this advice? That's correct, Your Honor. It's certainly not my specialty. I'm not an advertising or marketing attorney and I was not the attorney providing the advice. I'm just trying to understand the landscape. Perhaps they should have. They needed criminal defense attorney advice. I think it's safe to say when you go to an attorney and you say to them, I don't ever want to find myself in trouble with the regulatory bodies and your attorney tells you, don't worry, this is in compliance with the law, you have a belief you're not going to end up in handcuffs. And maybe the defendants here were made an error in relying on their counsel's judgment. But again, as I've said before, the advice of counsel defense- But they didn't say don't worry. Even- They said we can't guarantee anything and we can't guarantee that this will be viewed by USPS as a problem. There was CYA language, I think to say politely, put it within the advice they provided. But they also said, Your Honor, they also said, this is the applicable standard. We've reviewed this language and we believe it meets the applicable standard. And that's the advice the defendants were relying. Thank you. Thank you, counsel. Thank you to both sides. Well argued. Attorney Cass, we're going to be turning off the cameras and the court will reserve judgment on this case. Thank you.